E-FILED
Friday, 24 April, 2015 10:34:21 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CAROLINE K. NEWBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 15-3082 |
| | ) | |
| STATE OF ILLINOIS, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

The Court previously Dismissed Pro Se Plaintiff Caroline K. Newble's Complaint without prejudice. The Plaintiff has now filed an Addendum to the Complaint. Because the Plaintiff seeks to proceed in forma pauperis, the Court will screen the complaint and may dismiss it before service on a defendant if it is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B).

Previously, the Complaint was Dismissed without prejudice because the Plaintiff failed to provide any details of the alleged discrimination. The Court concluded, therefore, that none of the Defendants would have notice

of the Plaintiff's claims. In response, the Plaintiff filed a twelve-page Addendum.

According to her Addendum, the Plaintiff claims she was discriminated by the State on the basis of age in 2005 when she was 40 years old. On November 24, 2014, the Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC). The Court concludes that Plaintiff's Complaint is untimely because, as is required under the Age Discrimination in Employment Act, she did not file a charge of discrimination with the EEOC within 300 days after the alleged unlawful practice. See 29 U.S.C. § 626(d).

The Plaintiff further claims she was discriminated pursuant to the Americans with Disabilities Act (ADA). She alleges discrimination in 2005 and 2006. In Illinois, there is a two-year statute of limitations for ADA claims. See Soignier v. American Bd. of Plastic Surgery, 92 F.3d 547, 551 (7th Cir. 1996). Accordingly, the Plaintiff's ADA claim is untimely.

The Plaintiff alleges discrimination based on race. According to the Addendum, this claim is premised on a failure to promote in 2004. The

Plaintiff also asserts race discrimination which occurred in 2005. Because the EEOC charge must be filed within 180 days of the alleged unlawful employment practice under Title VII, see 42 U.S.C. § 2000e-5, the Plaintiff's race discrimination failure to promote claim is untimely.

The Court has carefully reviewed the Addendum, in addition to the Plaintiff's Complaint and its attachments. The Plaintiff has directed a number of other allegations against various entities. Most of these allegations are not related to her employment with the State of Illinois.

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim on which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). While a court must accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009).

Upon reviewing the materials, the Court concludes that many of the Plaintiff's grievances are so sketchy and implausible that the Defendants would not have notice of her claims.

Based on the foregoing, the Court concludes the Plaintiff's Complaint is subject to dismissal for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Ergo, the Plaintiff's Complaint [d/e 1] is DISMISSED WITH PREJUDICE.

The Clerk will terminate any pending motions.

CASE CLOSED.

ENTER: April 23, 2015

    FOR THE COURT:

    s/Richard Mills
    Richard Mills
    United States District Judge